UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHAWN A. DEDRICK, | ) |
|                Plaintiff, | ) |
|                v. | )   No. 4:24-cv-00088-SEB-KMB |
| PERROT Capt., | ) |
| KASEY Nurse, | ) |
| LINDSEY Nurse, | ) |
| ROY WASHINGTON Dr., | ) |
|                Defendants. | ) |

**Order Denying Motion to Dismiss**

**I. Background**

Plaintiff Shawn Dedrick's complaint alleges in part that while previously detained at the Floyd County Jail ("FCJ"), Floyd County Sheriff's Captain Perrot unreasonably disregarded a request from a power of attorney for Mr. Dedrick that he receive additional medical treatment for his disability and that he be provided with a cane or walker. Dkt. 23 at 3. At screening, the Court allowed claims to proceed against Capt. Perrot under either the Eighth or Fourteenth Amendment[1] for allegedly ignoring Mr. Dedrick's serious medical needs. Capt. Perrot has filed a motion to dismiss the claims against him under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dkt. 31. Mr. Dedrick has not responded to the motion. Dkt. 32.

---

[1] It is unclear whether Mr. Dedrick was a pretrial detainee or convicted inmate when he was at the FCJ.

1

## II. Discussion

**A. Standard for a Rule 12(b)(6) Motion**

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

Capt. Perrot contends that because Mr. Dedrick did not respond to the motion to dismiss, the Court may conclude that he has conceded that dismissal of the claims against Capt. Perrot is appropriate. The Seventh Circuit, however, has made it clear "that Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response." *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021). Rather, a Rule 12(b)(6) movant still bears the burden of demonstrating that dismissal is appropriate. *Id.* at 631. In the absence of a response to a motion to dismiss, courts may "look[] to the complaint itself to determine the sufficiency of the pleadings." *Id.* at 633 n.5.[2] In other words, Capt. Perrot's motion to dismiss essentially is a request that the Court reconsider its screening order.

Mr. Dedrick's complaint states that he "couldn't have a walker to move around block without holding on to walls and tables. Plus they had me on the floor over 45 days and this is a Federal hold over and with back problems that the law states suppose to be 8 inches off the floor." Dkt. 1 at 2. Regarding Capt. Perrot in particular, Mr. Dedrick alleged, "Capt. Perrot not getting me

---

[2] Capt. Perrot cites *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010), in support of the proposition that the Court may find that Mr. Dedrick has conceded that dismissal is proper. To the extent *Bonte* might be read in that way, it seems in direct conflict with, and thus implicitly overruled by, *Marcure*.

2

no medical treatment for over 120 something days after Power of Attorney contacted him about not having use of my cane from Nov. 26 2023 that I use daily on the streets for mobile not replace with walker." *Id.* at 3. Also, "Capt. Perrot needs to walk around each block to see if any inmates has any medical problems or issues that needs to be handle as a Capt. and keep his staff in check about threatening inmates that needs medical treatment." *Id.* at 4.

The sole focus of Capt. Perrot's motion to dismiss is whether Mr. Dedrick has adequately pled that he had an objectively serious medical condition. "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

A pretrial detainee's unconstitutional medical care claim, brought under the Due Process Clause of the Fourteenth Amendment, is analyzed according to the objective unreasonableness inquiry laid out in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). A defendant violates a pretrial detainee's due process right to constitutionally acceptable medical care if:

> (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] "purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm.

*Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Miranda*, 900 F.3d at 353−54).

Thus, the existence of an objectively serious medical need is a required element of a claim under either the Eighth or Fourteenth Amendments. "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Capt. Perrot acknowledges that a condition does not have to be life-threatening in order to be considered objectively serious. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "[R]ather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Id.*

Mr. Dedrick's complaint is not very artfully drafted. And it is true that he does not explicitly explain what medical condition or conditions he suffers from or has been diagnosed with. But, it is well-settled in this Circuit that courts must liberally construe pro se complaints such as Mr. Dedrick's, and we do not expect them to write with the ability or clarity of a trained lawyer. *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Here, Mr. Dedrick has alleged that he had a lot of difficulty walking when he was at FCJ, having to hold onto walls and tables to move around. That allegation indicates that Mr. Dedrick had severe and painful mobility issues that would or should have been obvious to a layperson. Mr. Dedrick also alleges that he had the use of a cane before coming to FCJ to help with his mobility, and that Capt. Perrot ignored information directly conveyed to him about Mr. Dedrick's cane and need for assistance for at least 120 days. As pled, Mr. Dedrick has sufficiently alleged that Capt. Perrot knew of Mr. Dedrick's severe problems with walking and mobility, then failed to take any action to address that issue for at least 4 months, which could lead to an inference that Capt. Perrot needlessly and deliberately (for Eighth Amendment purposes) or unreasonably (for Fourteenth Amendment purposes) prolonged Mr. Dedrick's pain. *See Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007) (reversing Rule 12(b)(6) dismissal of prisoner's Eighth Amendment claim that he

was improperly deprived of use of a cane). As previously noted in the screening order, any claims that Capt. Perrot failed to adequately supervise his subordinates are not proceeding. See dkt. 23 at 7, n.3.

### III. Conclusion

For the above reasons, Capt. Perrot's motion to dismiss is **DENIED**. Dkt. [31]. Capt. Perrot is directed to file an answer to Mr. Dedrick's complaint within **twenty-one (21) days** of this Order.

**IT IS SO ORDERED.**

Date: 8/15/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

SHAWN A. DEDRICK
400 Francis Ave.
Clarksville, IN 47129