UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHAWN A. DEDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00088-SEB-KMB |
| | ) | |
| PERROT Capt., | ) | |
| KASEY Nurse, | ) | |
| LINDSEY Nurse, | ) | |
| ROY WASHINGTON Dr., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Summary Judgment as to Defendant Capt. Perrot
and the Exhaustion Defense**

Plaintiff Shawn Dedrick filed this action under 42 U.S.C. § 1983 which, as screened, alleges in part that while he was incarcerated at the Floyd County Jail ("FCJ"), Defendant Capt. Gene Perrot was deliberately indifferent to a serious medical need of Mr. Dedrick's in violation of the Eighth or Fourteenth Amendments. Capt. Perrot has moved for summary judgment, asserting that Mr. Dedrick failed to exhaust administrative remedies related to his claims against Capt. Perrot before filing suit as required by the Prison Litigation Reform Act ("PLRA"). Mr. Dedrick did not respond to the motion. For the reasons below, the motion, docket [41], is **GRANTED**.

**I. Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment as a way to resolve a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute over any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id*.; *Pack v. Middlebury Comm. Schs*., 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party.

1

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id*.

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that could be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up). The Court strictly applies Local Rule 56-1(h) in this case and will not *sua sponte* search the record on Mr.

Dedrick's behalf in resolving the summary judgment motion. *See McCurry v. Kenco Logistics Servs.*, LLC, 942 F.3d 783, 787 (7th Cir. 2019) (district judges may strictly enforce local summary judgment rules).

## II. Factual Background

### A. Plaintiff's Claims

Mr. Dedrick came into the FCJ's custody on November 26, 2023. Dkt. 42-1 at 2. His claims arise from late 2023 to mid-2024. Dkt. 23 at 2. Before going to FCJ, Mr. Dedrick needed to use a medically-recommended cane in order to walk, due to problems with his feet and back. *Id.* There was a walker available for use where Mr. Dedrick was housed but another inmate was always using it or hanging his clothes on it so that Mr. Dedrick could not use it. *Id.* Yet another inmate who apparently did not need a walker nonetheless was provided with one. *Id.* Mr. Dedrick had trouble walking without a walker, and not having it worsened the pain in his feet and back. *Id.* Defendants Nurses Kasey and Lindsey examined Mr. Dedrick at various times and did not believe he required any treatment despite his feet swelling and toes turning purple. *Id.*

Mr. Dedrick also alleges that a power of attorney for Mr. Dedrick contacted Capt. Perrot about the lack of medical treatment he was receiving and lack of a cane, but Mr. Dedrick did not receive any medical attention for at least 120 days thereafter. *Id.* at 3. Non-defendant Sgt. Wingaurd believed Mr. Dedrick was "faking" and he said this to Defendant Nurse Practitioner ("NP") Roy Washington, as well as Nurse Kasey in front of other inmates. *Id.* Sgt. Wingaurd also threatened to put Mr. Dedrick in segregation if he did not stop submitting healthcare requests, but there is no allegation that Mr. Dedrick ever was placed in segregation. *Id.* Eventually, NP Washington saw Mr. Dedrick, and also accused Mr. Dedrick of faking and roughly smacked and

3

hit his feet without providing any actual treatment. *Id.* Mr. Dedrick also had to sleep on the floor at FCJ for several weeks. *Id.*

At screening, the Court allowed Eighth or Fourteenth Amendment[1] deliberate indifference or unreasonable medical care claims to proceed against NP Washington and Nurses Kasey and Lindsey. *Id.* at 6. The Court also allowed such a claim to proceed against Capt. Perrot, based on Mr. Dedrick's allegation that he was informed of Mr. Dedrick's need for medical care and assistance walking but did nothing to assist Mr. Dedrick for at least 120 days. *Id.* at 6-7. The Court specifically noted in its screening order that it was not allowing any claims to proceed against Capt. Perrot based on his general supervisory responsibilities at the FCJ, but rather on his having been specifically notified of Mr. Dedrick's need for assistance and then doing nothing to assist him. *Id.* at n.3.

**B. Exhaustion**

Capt. Perrot submitted the following requests for admission to Mr. Dedrick, none of which he responded to:

> Admit that the Floyd County Jail Inmate Handbook was provided to you during your incarceration.
>
> *****
>
> Admit that the Floyd County Jail Inmate Handbook requires grievances to be submitted within five (5) days of the alleged incident giving rise to the grievance.
>
> *****
>
> Admit that you did not submit a grievance concerning the claims raised in your Complaint with five (5) days of the incident which is the subject of your Amended Complaint.
>
> *****
>
> Admit that kiosks within the Floyd County Jail permitted you to file a grievance.

---

[1] It was unclear from the complaint whether Mr. Dedrick was a convicted prisoner or a pretrial detainee at the FCJ.

\*\*\*\*\*

> Admit that a kiosk was available to you at the time of the subject incident and within five (5) days thereof.

\*\*\*\*\*

> Admit that you could have filed a grievance concerning the claims you raise in this litigation within five (5) days of the subject incident.

\*\*\*\*\*

> Admit that administrative remedies were available to you at all times relevant to the claims raised in your Complaint.

Dkt. 42-5 at 4-5.

In addition, Capt. Perrot has submitted copies of grievances Mr. Dedrick did submit during the relevant time frame. Although some of them alleged inadequate medical care and Capt. Perrot responded to some of them, none of them allege wrongdoing by Capt. Perrot regarding Mr. Dedrick's medical care.[2] *See generally* dkt. 42-8.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81,

---

[2] The Court reminds counsel for Capt. Perrot that under S.D. Ind. Local Rule 56-1(e), parties moving for summary judgment or responding to summary judgment motions must include citations that "refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." Regarding the grievances, counsel has cited simply to "Exhibit H," but this exhibit contains 102 pages and is docketed as document 42-8. In the future, counsel's citations to designated evidence must be more specific. However, because Mr. Dedrick did not respond to the summary judgment motion and so did not identify any disputed facts, the Court takes Capt. Perrot's recitation of the facts to be correct.

90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Although the exhaustion requirement is strict, it "hinges on the availability of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* Thus, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder,* 817 F.3d 1037, 1041 (7th Cir. 2016).

"Because exhaustion is an affirmative defense," Capt. Perrot has the burden of establishing that "an administrative remedy was available and that [Plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted). "[A] prisoner need not exhaust 'where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint.'" *Dowaun v. Wexford Health Sources, Inc.*, No. 21-2957, 2023 WL 5348345, at *2 (7th Cir. Aug. 21, 2023) (quoting *Booth v. Churner*, 532 U.S. 731, 736 (2001)).

Capt. Perrot argues that he is entitled to summary judgment based on Mr. Dedrick's deemed admissions. Fed. R. Civ. P. 36(a)(1) allows a party to request another party to admit to the truth of any relevant matters relating to "facts, the application of law to fact, or opinions about either . . . ." And, Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after

6

being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

As recited above, Mr. Dedrick has admitted to being informed of the FCJ grievance process, that he did not timely submit any grievance related to his claims against Capt. Perrot, and that the FCJ grievance process was available to him. "Although the Court is cognizant of the unique challenges a pro se litigant faces, it is well established that a plaintiff's pro se status does not afford him the right to ignore the federal rules and procedural requirements." *Whorms v. Honda Mfg. of Greensburg, IN*, 2024 WL 1329934, at *3 (S.D. Ind. Mar. 28, 2024) (citing *Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008)). Additionally, "default admissions may serve as the factual foundation for summary judgment. Summary judgment is properly granted against the party who makes no response to a request to admit as to undisputed material facts supporting such a judgment." *Id.*

Not only did Mr. Dedrick not respond to the requests for admission, he also never moved to set them aside, nor did he respond to Capt. Perrot's summary judgment motion and provide any reason for excusing or disregarding his deemed admissions. Those admissions constitute all the necessary requirements for Capt. Perrot to show that Mr. Dedrick failed to exhaust administrative remedies as to the claims against Capt. Perrot.[3]

---

[3] Notably, the requests for admission did not simply ask Mr. Dedrick to admit that he failed to exhaust administrative remedies, which might have constituted a legal conclusion for which a request for admission would be inappropriate. *See German v. Stewart*, 2024 WL 1093727, at *4 (S.D. Ill. Mar. 13, 2024) (stating that it was improper to seek admission that prisoner failed to exhaust administrative remedies before filing suit). Rather, the requests for admission only asked for factual admissions, which in turn provide the legal basis for showing that Mr. Dedrick failed to exhaust administrative remedies.

## IV. Conclusion

Capt. Perrot's motion for summary judgment based on failure to exhaust administrative remedies is **GRANTED**. Dkt. [41]. All claims against Capt. Perrot are **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under § 1997e(a) should be without prejudice."). The **clerk is directed** to terminate Capt. Perrot as a defendant on the docket.

No partial final judgment will enter at this time. The claims against Defendants NP Washington, Nurse Kasey, and Nurse Lindsey will now proceed on the merits. The Magistrate Judge is requested to set a pretrial schedule for this case moving forward.

**IT IS SO ORDERED.**

Date:     3/31/2026

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

SHAWN A. DEDRICK
400 Francis Ave.
Clarksville, IN 47129